**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

ANDRES GOMEZ

      Plaintiff,

vs.

SEARS, ROEBUCK AND CO.
 d/b/a/  SEARS

      Defendant

---

## COMPLAINT

---

Plaintiff Andres Gomez, by and through his undersigned counsel, hereby files this Complaint and sues Defendant Sears, Roebuck and Co. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36, and compensatory and punitive damages pursuant to the Florida Civil Rights Act and allege as follows:

### JURISDICTION & PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

1

3.      Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Plaintiff Andres Gomez ("Plaintiff") is a resident of the state of Florida and resides within the USDC, Southern District of Florida and is *sui juris*. The Plaintiff suffers from what constitutes as a "qualified disability" under the ADA.  The Plaintiff is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world and adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012(1)(A) and in 42 U.S.C. 3602, §802(h).

5.      Defendant Sears, Roebuck and Co. is incorporated in Illinois and authorized to transact business in Florida as a foreign corporation.  Defendant Sears, Roebuck and Co. is a wholly owned subsidiary of Sears Holdings Corporation.  Sears, Roebuck and Co. is doing business as "Sears" and is hereinafter referenced as "Defendant," "Sears," and/or "Sears department store". The Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

6.      Sears was (and is) a chain of retail department stores which are open to the general public.  On information and belief, each of the retail department stores has over 50,000 square feet of retail space with designated areas including (but not limited to): i) clothing, shoes and jewelry, ii) appliances iii) beauty and health, iv) hardware (ie: hand and power tools, v) fitness and sports, vi) electronics and televisions, vii) automotive and tires, and viii) automotive parts, repair and service.

2

**FACTS**

7.      Plaintiff Gomez is a customer of department stores such as the Defendant's Sears stores.

8.      Each of the Defendant's retail department stores are places public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §§12182, §12181(7)(E); 28 C.F.R. Part 36 and the Florida Civil Rights Act, codified as Title XLIV.  Furthermore, the Defendant's retail department stores contain services and public accommodations which subject them to Chapter 760, F.S. §760.01(2) (regarding discrimination) and §760.02(11)(d) (as "other covered establishments").

9.      The Defendant is defined as a "public accommodation" because it is an entity which owns and operates department stores, each of which are "Place(s) of Public Accommodation" according to 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104. (2) which state that [P]laces of public accommodation are "[A] a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."

10.      At all times material hereto, as part of its chain of department stores, the Defendant owned and operated the Sears located at 3655 SW 22nd Street, Coral Gables, Florida. This Sears store location is referred to throughout as "Sears store," "store," or Subject Facility," or "place of public accommodation."

11.      Within the Sears store, the Defendant showcases various products.  The Defendant has provided for the convenience of all customers self-service Price Reader kiosks set up at regular intervals. The self-service Price Reader kiosks are essentially

price scanners that scan the barcodes[1] on the tags affixed to Sears' products (such as clothing, jewelry etc.), and then display on the Price Reader screen the price of the scanned item.  Self-service Price Reader kiosks permit consumers to perform their own price checks, eliminating the need for the store to mark each individual item with a price tag, and eliminating the need for the consumer to seek a store clerk to tell them the price of the product.

12.     Self-service Price Reader kiosks provide a price verification solution which has been proven to increase sales, reduce operating costs, and provide a better shopping experience. Self-service Price Reader kiosks are proving to be a major driver of sales growth and improved efficiencies across a wide range of industries. Over the past decade, consumers have grown comfortable with the ease of use and utility that such self-service Price Readers offer.

13.     On June 17, 2015, the Plaintiff visited the Defendant's Sears store located at 3655 SW 22nd Street, Coral Gables, Florida in order to purchase several items.  The Plaintiff's visit was prior to instituting the instant action.

14.     While patronizing the Sears store, the Plaintiff was unable to access the Price Reader kiosks. The Plaintiff was unable to comprehend the information (prices) which the Price Reader kiosks processes for the consumers as the Price Reader kiosks were not equipped with auxiliary aids for the visually impaired.

15.     Thus, the Plaintiff was denied the ability to independently obtain pertinent information about the price of the products the Defendant offered throughout its Sears store.  The Plaintiff was unable to experience the same shopping experience as sighted

---

[1] Some models scan radio-frequency ID (RFID) tags attached to the product to determine the price of the product offered for sale

shoppers, and had to seek the assistance of someone other than himself in order to determine the price of the products offered for sale.

16.     As a result of the Defendant's discrimination, the Plaintiff was unable to use the self-service Price Reader kiosks. The Plaintiff felt segregated and left the Sears store suffering from loss of dignity, mental anguish and other tangible injuries. Therefore, the Plaintiff suffered an injury in fact.

17.     The self-service Price Reader kiosks within the Defendant's Sears store (which the Plaintiff visited) were/are not designed and programmed to interface with commercially available screen reader software.  The Price Reader was not equipped with auxiliary aids (such as an audio interface system) for disabled individuals who are visually impaired such that visually impaired individuals can receive the same shopping experience in the same manner as the general public.

18.     The self-service Price Reader kiosks within the Defendant's Sears store are/were so poorly functional for visually impaired individuals who require auxiliary aids (for disabled individuals who are visually impaired), that any utilization of its self-service Price Reader kiosks contain barriers that prevent full and equal use by individuals with disabilities who are visually impaired.

19.     The Defendant has failed to make any of the self-service Price Reader kiosks showcased in its Sears store readily accessible to and usable by individuals who are visually impaired, and failed to furnish appropriate auxiliary aids and services to insure effective communication with patrons who are visually impaired.

20.     Thus, the Defendant has not provided full and equal access and full and equal enjoyment of the goods, services, facilities, privileges, advantages and

accommodations provided by and through its Sears store at 3655 SW 22nd Street, Coral Gables, Florida.

21.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

22.     Verification of Plaintiff's visits, the facts delineated herein, and injury suffered by the Plaintiff is attached hereto as Exhibit A.

23.     On information and belief, the Defendant is well aware of the need to accommodate their customers who are visually impaired.

24.     On information and belief, the Defendant is aware of the requirements of the ADA for effective communication and access.

25.     Therefore, the Defendant's failure to reasonably accommodate the visually impaired and disabled by modifying its self-service Price Reader kiosks to include a blind interface system which employs an audio interface system, a tactile keyboard, and/or interactive screen reader technology or other auxiliary aids for the visually impaired is/was willful, malicious, and oppressive and in complete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

26.     In order to take advantage of the benefit afforded to the general public, the Plaintiff is seeking that the self-service Price Reader kiosks located within the Defendant's Sears store locations be modified with auxiliary aids for the visually impaired such that individuals who are visually impaired will receive the same advantages of utilizing the self-service Price Reader kiosks as the general public (customers who are not visually impaired).

27.     As a public accommodation, the Defendant must provide appropriate auxiliary aids or services that comply with its effective communication and access obligations. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. §§s 36.303(a), (c)(1).

28.     The Plaintiff has been a loyal customer of Sears stores over the years.  The Plaintiff often shops and purchases products from department stores such as Sears and continues to desire to return to Sears to shop and purchase various products, but continues to be injured in that, should he attempt to patronize Sears stores, he will again be unable to utilize the kiosks within those Sears stores, as he is unable to comprehend and use the self-service Price Reader kiosks. Thus, the Plaintiff will continue to suffer irreparable injury from the Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.

29.     Enforcement of Plaintiff's rights is right and just pursuant to 28 U.S.C. §§2201, 2202.

30.     The Plaintiff will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

31.     Notice to the Defendant is not required as a result of the Defendant's failure to cure the violations.

32.     Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

33.     The Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 32 above.

34.     The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years.

35.     "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001). "After thoroughly investigating the problem, Congress concluded that there was a compelling need for a clear and comprehensive national mandate to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life." PGA Tour, 532 U.S. at 675 (2001) (internal quotation marks omitted).

36.     According to the National Federation for the Blind[2] , there are 6,670,300 Americans with visual disabilities, and 434,600 within the state of Florida.

37.     The fact that Price Reader kiosks which employ touch screens and other electronics as well as services are not specifically addressed in the current Title III regulation and the ADA Standards does not change a Public Accommodation's obligations under the ADA to ensure effective communication with individuals with disabilities. 42 U.S.C. §12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

38.     The use of these electronic information technologies is becoming increasingly more prevalent by entities covered by the ADA.

39.     The House Committee on Education and Labor stated that it intended "that the types of accommodation and services provided to individuals with disabilities, under

---

[2] Statistics for 2012, see http://www.NFB.org/blindness-statistics

all of the titles of this bill, should keep pace with the rapidly changing technology of the times," and that technological advances "may require public accommodations to provide auxiliary aids and services in the future which today would not be required because they would be held to impose undue burdens on such entities." H.R. Rep. No. 101-485, pt. 2, at 108 (1990).

40.     Title III regulations require that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1) *see also* 42 U.S.C. § 12182(b)(2)(A)(iii).

41.     The regulations set forth numerous examples of "auxiliary aids and services," including "Brailed materials and displays; screen reader software; . . . accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. §36.303(b).

42.     The term "auxiliary aids and services" also includes the "[a]cquisition or modification of equipment or devices; and [o]ther similar services and actions." *Id.* And, particularly significant here, the title III regulation further requires that "[i]n order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and *in such a way as to protect the privacy and independence of the individual with a disability.*" *Id.* (emphasis added).

43.     In this case, at the Defendant's Sears store, the Defendant provides its customers a service through the utilization of self-service Price Reader kiosks equipped

with technology so that its customers may independently obtain the price of the products offered for sale throughout the Sears store.

44.     Because the Defendant has chosen to provide self-service Price Reader kiosks equipped with technology which are not independently usable by customers who are blind or have low vision, the Defendant must furnish auxiliary aids or services that enable such individuals to equally and independently benefit from the self-service Price Reader kiosks unless doing so would result in a fundamental alteration or undue burden. *See* 28 C.F.R. § 36.303(a).

45.     As a result of the inaccessibility of the self-service Price Reader kiosks within the Defendant's Sears store and by the barriers to access inherent with those kiosks (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of goods, information, and services that the Defendant has made available to the general public, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq. and 28 C.F.R. §36.302 et. seq.

46.     Plaintiff Gomez suffered an injury in fact. Pursuant to 42 U.S.C. §12181(7)(E); the Defendant's Sears stores are *places of public accommodation* under the ADA because they are "sales or rental establishment(s)". As such, the Defendant must be in compliance with the ADA.

47.     The Defendant has systematically violated the ADA (and continues to violate the ADA) by denying access to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to

comprehend and access the self-service Price Reader kiosks within Defendant's Sears store.  These violations are ongoing.

48.      As a result of the Defendant's wrongful conduct, the Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

49.      Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff and others similarly situated injunctive relief; including an order to:

   a) Require that the Defendant adopt and implement a blind interface system which employs an audio interface system, a tactile keyboard, and/or interactive screen reader technology for its self-service Price Reader kiosks such that individuals who are visually impaired have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the self-service Price Reader kiosks within its stores as the general public; and

   b) Require that the Defendant cease and desist discriminatory practices and, if necessary, to cease and desist offering self-service Price Reader kiosks at its places of public accommodation until the requisite modifications are made such that the self-service Price Reader kiosks are equally accessible to persons with disabilities.

58.      Plaintiff Andres Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by the Defendant.

WHEREFORE, Plaintiff Andres Gomez hereby demands judgment against Defendant Sears, Roebuck and Co. and requests the following injunctive and declaratory relief:

A.    The Court issue a declaratory judgment that Defendant Sears, Roebuck and Co. has violated Plaintiffs' rights as guarantee by the ADA;

B.    The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Sears, Roebuck and Co. from offering self-service Price Reader kiosks without adequate accommodation for the visually impaired community;

C.    The Court enter an Order requiring Defendant Sears, Roebuck and Co. to update its self-service Price Reader kiosks to remove barriers in order that individuals with visual disabilities can access the kiosks to the same extent as the general public, as required by Title III of the ADA.

D.    The Court enter an order requiring Defendant Sears, Roebuck and Co. to provide ongoing support for the self-service Price Reader kiosks by implementing hardware and software accessible for visually impaired individuals and providing for accessibility feedback to insure compliance thereto.

E.    The Court enter an Order directing Defendant Sears, Roebuck and Co. to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant Sears, Roebuck and Co. to undertake and complete corrective

procedures to its self-service Price Reader kiosks such that individuals with visual disabilities will have the same access as the general public.

F.     The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiffs; and

G.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 23rd day of July, 2015.

Respectfully submitted,

s/Scott Dinin
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
Counsel for Plaintiff

.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ANDRES GOMEZ

      Plaintiff,

vs.

SEARS, ROEBUCK AND CO.
d/b/a/  SEARS, ROEBUCK AND CO. and/or
SEARS

     Defendant.

---

## VERIFICATION OF COMPLAINT

---

Plaintiff ANDRES GOMEZ declares under penalty of perjury under the laws of

the State of Florida that the allegations in the foregoing complaint are true and correct to

the best of my belief, recollection and knowledge.

Date: ___7/22/15___

_____
ANDRES GOMEZ

EXHIBIT "A"